Case 4:17-cv-00301 Document 6 Filed in TXSD on 03/29/17 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON EUGENE MOORE, (SPN #01833020) | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-17-0301 |
| HOUSTON POLICE DEPARTMENT, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Damon Eugene Moore, an inmate of the Harris County Jail ("HCJ"), sued in January 2017, alleging that the defendant violated his civil rights by arresting him without probable cause. Moore, proceeding *pro se* and *in forma pauperis*, sues the Houston Police Department ("HPD"). Moore seeks his "freedom." (Docket Entry No. 1, p. 5). Based on a review of the pleadings and the applicable law, this court dismisses Moore's complaint and enters judgment by separate order.

I.  **Background**

Moore states that he was arrested at his mother's house without an arrest warrant. He was later told that he was being arrested for an aggravated robbery. Moore states that there was no weapon, no fingerprints, and no identification of Moore as the perpetrator. Moore asserts that he was illegally imprisoned without probable cause.

Moore seeks compensatory damages of $50,000.00. Online research reveals that the grand jury of the 232nd Judicial District Court of Harris County, Texas, returned an indictment against Moore on February 24, 2016, charging him with aggravated robbery. (Cause Number

150012401010). The indictment charged Moore with threatening the complainant with fear of imminent bodily injury and death in the course of committing theft on December 28, 2015, by exhibiting a deadly weapon.

## II. Standard of Review

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

Moore complains that his arrest was illegal because it was not based on probable cause. On-line records show that a grand jury indicted Moore for aggravated robbery. "An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios,* 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Ramirez v. Martinez,* 716 F.3d 369, 375 (5th Cir.

2013).

The probable cause inquiry focuses on the validity of the arrest, not the validity of each individual charge made during the course of the arrest. *See Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995). A grand jury indictment is sufficient to establish probable cause. *See Gerstein v. Pugh,* 420 U.S. 103, 117 n.19 (1975). When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Hous. Indep. Sch. Dist.,* 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary,* 838 F.2d 1420, 1428 (5th Cir. 1988). In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary . . . ." *Id.* at 1427–28.

Because the grand jury indicted Moore, he must show that HPD officers tainted the grand jury's deliberations in some way. There is no evidence, however, that HPD officers played any role in the indictment process.

Moore's claim against the HPD for false arrest is dismissed with prejudice as frivolous.

## IV. Conclusion

Moore's motion to proceed *in forma pauperis,* (Docket Entry No. 1), is GRANTED. His claims are DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The HCJ must deduct twenty percent of each deposit made to Moore's inmate trust account

and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Southern District of Texas, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on March 29, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE